M. ZERMAN REALTY & BUILDING CORP., A NEW JERSEY
CORPORATION, PLAINTIFF-APPELLANT, v. BOROUGH
OF WESTWOOD, A MUNICIPAL CORPORATION OF THE
STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued September 25, 1973—Decided October 11, 1973.

Before Judges HALPERN, MATTHEWS and BISCHOFF.

*Mr. Gerald S. Meisel* argued the cause for appellant.

*Mr. Robert E. McGuire* argued the cause for respondent (*Messrs. Randall, Randall & McGuire,* attorneys).

PER CURIAM. Plaintiff appeals from so much of a final judgment, entered after a trial without a jury, which denied to it an accounting and its alleged right to recover the sum of $7,179.45 from defendant municipality. That sum represented the claimed unexpended balance remaining in the hands of defendant of $17,500 paid by plaintiff's bonding company to defendant.

Briefly stated, the facts are that plaintiff was a residential home developer. It obtained subdivision approval from defendant under a developer's agreement which, among other things, required plaintiff to post a $90,000 performance bond. When the work was not done as prescribed, or in part done in an unworkmanlike manner, defendant threatened to sue the surety on the bond. Defendant estimated that the cost of completion would run approximately $20,000. With full knowledge on plaintiff's part as to negotiations between the surety company and defendant, the matter was settled for the sum of $17,500. A general release was given to the bonding company, but not to plaintiff. The money used by the surety to pay defendant was obtained from the collateral posted by plaintiff.

Defendant then completed the work required and plaintiff sold the houses. There now remains in defendant's hands the unexpended sum of $7,179.45. Plaintiff contends it is entitled to these funds because the implied agreement between the surety and defendant was that this was a trust fund from which defendant was to complete the job, and whatever was left should be returned to plaintiff. Plaintiff also urges the applicability of the theory of unjust enrichment.

■ ■ We affirm essentially for the reasons expressed in the opinion of Judge Dalton. The record supports his findings that not only did the plaintiff know of the settlement negotiations between the surety and defendant, but he acquiesced therein. In addition, the fact that defendant never asked plaintiff to do any more work on this project, but did all the work itself, shows it intended the release to be not only to the surety company but also to plaintiff. See *Breen v. Peck,* 28 *N. J.* 351 (1958).

Affirmed.